UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

SONIA GONZALEZ,

                           Plaintiff,

-against-

THE CITY OF NEW YORK; POLICE
OFFICER TIMOTHY KRAFT; SERGEANT
RACHEL SCHNEIDER; SERGEANT
GREGORY STAINO; POLICE OFFICERS
JOHN and JANE DOE 1-10.

                           Defendants.

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

15-CV-00494 (JGK)

------------------------------------------------------------------ x

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiffs demand a trial by jury in this action.

## PARTIES

7. Plaintiff Sonia Gonzalez ("plaintiff", "Mr. Gonzalez") is a resident of Bronx County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Police Officer Timothy Kraft, ("Kraft"), Rachel Schneider ("Schneider"), and Gregory Staino ("Staino") at all times relevant herein, were officers, employees and agents of the NYPD. Defendants Kraft, Schneider and Staino are sued in their individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the

NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. On January 13, 2014 at or about 4:20 a.m., plaintiff was lawfully in her parked vehicle in the vicinity of Broadway and West 207th Street in New York, NY.

14. Also in the car were plaintiff's boyfriend, plaintiff's son, and her son's girlfriend.

15. Several police officers, including defendants, pulled up behind plaintiff's car with sirens on.

16. The defendants requested plaintiff to exit her car and she complied.

17. Defendants told plaintiff that they believed that she was intoxicated. Plaintiff explained that she was the designated driver for the evening and had not consumed any alcohol.

18. Plaintiff was immediately placed in handcuffs, no breathalyzer was administered.

19. Plaintiff was placed in the back seat of the police vehicle.

20. Plaintiff noticed that her family was agitated because plaintiff had been arrested.

21. Plaintiff yelled to her family that they should go home so that they could avoid trouble.

22. One of the defendants, a female police officer, became agitated with defendant's instructions to her family. This defendant opened the back door of the police vehicle, told plaintiff to "shut up" and then administered pepper spray to plaintiff's face.

23. Plaintiff, peppered sprayed and with her hands cuffed behind her back, begged the officers to open a window.

24. The officers refused. When plaintiff asked why she was being arrested, she was given no response. Plaintiff is ultimately driven to the precinct.

25. When the police vehicle arrived at the precinct, plaintiff is dragged out of the car by her handcuffs. Plaintiff's eyes are swollen shut.

26. Once at the precinct, plaintiff collapses on the floor and begs to be taken to the bathroom so that the pepper spray can be washed from her eyes. Her plea is ignored.

27. At some point an ambulance is called and plaintiff is taken to Presbyterian Hospital.

28. Plaintiff remained at Presbyterian for approximately 10 hours, handcuffed to the bed the entire time.

29. At no point during plaintiff's detention at the hospital did anyone request to draw blood from her to determine whether plaintiff had consumed alcohol.

30. Ultimately plaintiff was released from the hospital, taken to Central Booking, arraigned and released.

31. All charges against plaintiff were ultimately dismissed.

32. Notwithstanding plaintiff's lack of criminal conduct, defendant officers misrepresented to the New York County District Attorney's Office that Plaintiff had committed, amongst other crimes, assault, driving while intoxicated and related crimes.

33. Plaintiff was deprived of her liberty, assaulted, battered, suffered emotional distress, mental anguish, pain, fear, anxiety, embarrassment, humiliation, damage to their reputation and loss of income.

## FIRST CLAIM
## 42 U.S.C. § 1983

34. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

35. Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

36. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
**False Arrest**

37. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

38. Defendants violated the Fourth and Fourteenth Amendments because they arrested Plaintiffs without probable cause.

39. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Failure To Intervene

40. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

41. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

42. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

43. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Unreasonable Force

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

46. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

## FIFTH CLAIM
**Malicious Prosecution**

47. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

48. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

49. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## SIXTH CLAIM
### Denial Of Constitutional Right To Fair Trial

50. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51. The individual defendants created false evidence against Plaintiff.

52. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

53. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

54. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Malicious Abuse Of Process

55. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56. The individual defendants issued legal process to place Plaintiff under arrest.

57. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

58. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

59. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully requests judgment against defendants as follows:

i. Compensatory damages against all defendants, jointly and severally;

ii. Punitive damages against the individual defendants, jointly and severally;

iii. Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

iv. Such other and further relief as this Court deems just and proper.


DATED:    December 10, 2015
          New York, New York

                                        /s
                                Robert Marinelli
                                305 Broadway, 9th Floor
                                New York, New York 10007
                                (212) 822-1427
                                robmarinelli@gmail.com

                                *Attorney for plaintiff*